THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JUSTIN M. DAVENPORT,

      Plaintiff,

v.

C/O T. SHIREY, C/O SHAFER, and C/O
BRIAMMIRE,

      Defendants.

Case No. 3:26-cv-00124-GCS

**MEMORANDUM & ORDER**

**SISON, Magistrate Judge:**

Plaintiff Justin M. Davenport, an inmate of the Illinois Department of Corrections who is currently incarcerated at Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Davenport alleges he was denied access to water in violation of the Eighth Amendment.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which

---

[1]    The Court has jurisdiction to screen the Complaint in light of Plaintiff's consent to the full jurisdiction of a Magistrate Judge (Doc. 3), and the limited consent to the exercise of Magistrate Judge jurisdiction as set forth in the Memoranda of Understanding between this Court, the Illinois Department of Corrections, and the medical providers.

relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b).

**THE COMPLAINT**

On June 9, 2025, Davenport alleges that he got into an argument with an inmate porter. (Doc. 1, p. 5). During the course of the argument, Davenport indicated he might flood his cell. *Id*. Correctional Officer ("C/O") T. Shirey overheard the comment and turned off the water to Davenport's cell. *Id*. The water remained off for the rest of the shift. *Id*. On the next shift, C/O Shafer asked Davenport if he was still upset. Davenport indicated he was no longer upset, but Shafer stated he would leave the water in his cell off until the morning to be safe. *Id*. Davenport acknowledged that leaving the water off until morning was fine. *Id*.

Officer Love and a nurse came through the unit passing out medications. (Doc. 1, p. 5-6). Davenport informed Love that the water in his cell was turned off, and he would need something to drink in order to take the medication. *Id*. at p. 6. Love responded that Davenport must not want his medications and shut the cell chuckhole without providing Davenport with his prescribed medication. *Id*. Davenport notes the medication is to prevent seizures, and he takes it daily. *Id*. at p. 5-6.

Although the water was to be turned on the following morning, Davenport alleges the water in his cell remained off from June 9 through June 13. (Doc. 1, p. 6). On June 13, Shirey turned the water back on in Davenport's cell, but Davenport alleges he went 4 ½ days without access to running water. *Id*. He had nothing to drink, no water to wash his hands or brush his teeth, and no ability to flush his toilet. As a result, Davenport alleges

that urine and feces filled his toilet. *Id*. The only drinkable liquids to which he had access were his milk and juice he received at breakfast. *Id*. Due to the unsanitary conditions in his cell, Davenport alleges he developed an eye infection. *Id*. He was also unable to take his seizure medications for the entire period he went without water. *Id*.

Davenport alleges that during first shift, he asked C/O Briammire for a crisis team. (Doc. 1, p. 6-7). Briammire, however, refused to call for help nor would he turn the water back on in Davenport's cell. *Id*. at p. 6.

### PRELIMINARY DISMISSALS

Davenport alleges that C/O Love refused to provide him with water to take his medications during the med line, leaving Davenport without his medications for over four days. But Davenport fails to identify C/O Love as a defendant in the case caption. In order to be a party in the case, a plaintiff must identify them in the case caption. *See* FED. R. CIV. PROC. 10(a); *Myles v. United States*, 416 F.3d 551, 551–552 (7th Cir. 2005). Because Davenport fails to identify C/O Love as a defendant, any claim against him is **DISMISSED without prejudice**.

Davenport also alleges that as a result of C/O Shirey turning off the water in his cell, he was unable to take his seizure medication. But to the extent he alleges that Shirey acted with deliberate indifference to Davenport's need for medications, he fails to state a claim. There are no allegations suggesting that Shirey was aware of Davenport's need for medications or aware that Davenport was unable to receive his medications during this time. *See, e.g.*, *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009) (stating that "[l]iability depends on each defendant's knowledge and actions, . . . ."). Thus, any claim that Shirey

acted with deliberate indifference to Davenport's medical needs is **DISMISSED without prejudice**.

**DISCUSSION**

Based on the allegations in the Complaint, the Court designates the following counts:

> **Count 1:** **Eighth Amendment conditions of confinement claim against C/O Shirey, C/O Shafer, and C/O Briammire for leaving the water off in Davenport's cell for 4 ½ days.**
>
> **Count 2:** **Eighth Amendment deliberate indifference to medical needs claim against C/O Briammire for refusing Davenport access to a crisis team.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[2]

At this stage, Davenport adequately alleges a conditions of confinement claim against C/O Shirey, C/O Shafer, and C/O Briammire. He alleges that C/O Shirey turned off the water to his cell and all three officers knew that Davenport lacked access to water for four days but refused to turn the water back on in the cell. *See Sain v. Wood*, 512 F.3d 886, 894 (7th Cir. 2008). Thus, Count 1 shall proceed against the officers.

---

[2]   *See, e.g.*, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (noting that an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face.").

However, Davenport fails to state a claim against C/O Briammire in Count 2. Davenport alleges he requested a crisis team from C/O Briammire, but he refused to call for help. Davenport, however, fails to allege he was suffering from an objectively serious medical condition or that C/O Briammire was aware of that condition. *See Giles v. Godinez*, 914 F.3d 1040, 1049 (7th Cir. 2019). Davenport notes he was without water, but he fails to allege his need for a mental health crisis team or his physical condition at the time he spoke to Briammire. He merely alleges he asked for a crisis team or to restore the water. (Doc. 1, p. 6-7). The limited allegations regarding his condition fall short of stating a deliberate indifference claim and Count 2 is **DISMISSED without prejudice**.

### DISPOSITION

For the reasons stated above, Count 1 shall proceed against C/O Shirey, C/O Shafer, and C/O Briammire. Count 2 and all other claims and defendants are **DISMISSED without prejudice**.

The Clerk of Court shall prepare for C/O Shirey, C/O Shafer, and C/O Briammire: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Davenport. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Davenport, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Local Rule 8.2, Defendants need only respond to the issues stated in this Merit Review Order**.

Because Davenport's claims involve his medical care, the Clerk of Court is **DIRECTED** to enter the Court's standard HIPAA Qualified Protective Order.

If judgment is rendered against Davenport, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Davenport is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. PROC. 41(b).

**IT IS SO ORDERED.**

**DATED:  May 19, 2026.**

Digitally signed by
Judge Sison
Date: 2026.05.19
13:03:36 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**

### NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**